IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOEL SOILEAU,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:25-cv-217-RH-MAF**

**BOARD OF PILOT
COMMISSIONERS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's motion for entry of default final judgment, ECF No. 29, and Defendant's motions to set aside default, ECF No. 28, and to accept its untimely motion to dismiss, ECF No. 27. Plaintiff has filed responses in opposition to both. ECF Nos. 32, 31. For the reasons discussed below, Defendant's Rule 55(a) default should be set aside, Defendant's motion to accept its motion to dismiss should be granted, and Plaintiff's motion for entry of default final judgment should be denied as moot.

**I.**    **Procedural History**

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint ("complaint") on June 6, 2025. ECF No. 6. Service was directed on June 11th and Defendant was served on July 2nd. ECF Nos. 7, 10. An answer was due by July 23rd. On July 22nd, counsel for Defendant filed a notice of

appearance. ECF No. 11. The day of the answer deadline, Defendant filed a motion for a thirty-day extension of time to respond to the complaint. ECF No. 12. The motion was granted over Plaintiff's objections. See ECF Nos. 13, 20, 22. The new answer deadline was Friday, August 22nd. ECF No. 13.

Defendant did not file an answer by the extended deadline. Instead, Defendant filed an untimely motion for extension of time the day after the deadline. ECF No. 23. Defendant requested an additional fourteen days to file its response and claimed its untimeliness was "due to [counsel's] excusable neglect." Id. at 3-4. This Court evaluated Defendant's barebones offering of excusable neglect under the *Pioneer* factors. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993); ECF No. 24 at 2-3. Counsel for Defendant claimed he only realized the need for a continuance the day of the deadline, so he could not file the motion for extension of time until the next day due to the conferral requirements of the Local Rules. ECF No. 23 at 3-4. The Court found the excuse vague, "dubious at best," and "woefully short of excusable neglect." ECF No. 24 at 2-3. The Court denied Defendant's motion for extension of time and directed the Clerk to enter Defendant's default on the docket pursuant to Federal Rule of Civil Procedure 55(a). Id. at 3-4.

The default was entered on Tuesday, August 26, 2025. ECF No. 25.

On August 28th, Plaintiff filed a motion for entry of default final judgment. ECF No. 29. On August 29th (three days after the entry of default), Defendant filed a motion to set aside default and motion to accept its motion to dismiss as timely.[1] ECF Nos. 28, 27. Defendant provided its proposed motion to dismiss as an exhibit. ECF No. 27-1. On September 10th, Plaintiff responded in opposition. ECF Nos. 32, 31.

## II.   Arguments of the Parties

Defendant now explains that "[d]espite an initial determination on August 22, 2025 [the day of the answer deadline] that the motion to dismiss was ready to be filed, there was a new consensus [in the Attorney General's Office] that the standing argument required additional support…the need for additional research prompted the second motion for extension of time." ECF No. 28 at 3. Counsel for Defendant requested Plaintiff's position on the continuance via e-mail "at 4:09 P.M." the day of the deadline and did not receive a response until "9:48 A.M." the next morning. Id. Counsel recognizes this was imprudent and "he should have attempted conferring with the Plaintiff by phone rather than waiting" for an e-mail back. Id.

Defendant asserts that counsel's error was due to his 'mistaken belief'

---

[1] Defendant states that attempts to e-file the motions one day earlier on August 28th failed due to an outage with the PACER server. ECF No. 28 at 4.

that "he was complying with the local rule on conferral…to ensure that Plaintiff's position was noted on the record" before the Court ruled on the motion. Id. at 3-4. When counsel did not receive a response from Plaintiff by the end of the day, counsel "mistakenly believed" he could "remedy the situation by waiting until Plaintiff emailed counsel his position" and "immediately filing the…motion to accept [the untimely motion for extension]" once he heard back. Id. at 4. Defendant argues there is good cause to set aside the default because the error was not willful, there would be no prejudice to Plaintiff, it has meritorious defenses, and it acted promptly to correct the default. Id. at 6-13.

Plaintiff argues Defendant's motion to set aside default should be denied "based on…willful conduct alone." ECF No. 32 at 4. Plaintiff believes willful default is present because it occurred "56 days after the Defendant was properly joined and served" and Defendant "had already received a gracious 30-day extension…prior to the default." Id. at 3. Plaintiff does not argue or address prejudice. Instead, Plaintiff sets up a Catch-22: he claims that Defendant's motion to accept its motion to dismiss (with the motion to dismiss attached) "must go unheard" because "the default has not been set aside," ECF No. 31 at 3, and the default should not be set aside because Defendant has failed to file a motion to dismiss or responsive pleading, ECF

No. 32 at 3-4. Plaintiff considers Defendant's motion to accept its motion to dismiss "frivolous" as Defendant "did not confer with the Plaintiff prior to filing" the motion and "it is unclear to Plaintiff…what legal ground was used to bring the motion." ECF No. 31 at 2; ECF No. 32 at 4 (accusing Defendant of filing "frivolous motions while in default"). Plaintiff claims "moving to set aside a default, prior to filing a responsive pleading…shows a[n] intentional disrespect for the judicial process." Id. at 4. Plaintiff concedes that Defendant "acted promptly" to address the default. Id.

### III.   Discussion

Despite Plaintiff's unclear understanding, the reality is simple. Defendant was in default because it failed to file a responsive pleading by the deadline. Therefore, one of the only proper ways for Defendant to file a responsive pleading—here, a motion to dismiss—was by seeking leave of the Court to accept it along with a motion to set aside default. The Defendant did just that. Further, conferral is not required for motions to dismiss. N.D. Fla. Loc. R. 7.1(D) ("An attorney conference and certificate are not required for a motion that would determine the outcome of a case or a claim").

The standard for setting aside a Rule 55 clerk's default is good cause. Fed. R. Civ. P. 55(c). "Good cause is not precisely defined and often depends upon the Court's consideration of whether the default was culpable

Case 4:25-cv-00217-RH-MAF    Document 33    Filed 09/23/25    Page 6 of 10

Page 6 of 10

or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." George v. Snyder, 847 F. App'x 544, 548-49 (11th Cir. 2021), *citing* Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (noting good cause is a liberal standard made on a case-by-case basis). Other factors include "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id.

It is important to note that "good cause" in this context is not a particularly high standard. That is because there is a "strong preference that cases be heard on the merits" in the Eleventh Circuit. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam). Defaults are disfavored and litigants are to be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). "[A] technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (internal marks omitted), *quoting* Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam).

Careless or unreasonable actions are not the same as a willful or defiant disregard for judicial proceedings. Shepard Claims Serv., Inc. v.

William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986), *cited in* Compania, 88 F.3d at 952. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings" Id. Defendant's carelessness was not "an intentional or reckless disregard" for this proceeding. Compania, 88 F.3d at 951-952. Defendant took steps, albeit last-minute and imprudent, to seek an additional extension of the answer deadline to avoid defaulting. Counsel admits he should have done more to file the extension prior to the deadline. While the Court expects litigants to be better prepared—particularly licensed attorneys—attorneys are human and do make mistakes.

Defendant's one-day delay in filing for an extension of time to respond was not willful or culpable, but a mistake. There is no prejudice to Plaintiff if the Court were to set aside the default and allow the case to proceed on the merits.[2] Meanwhile, there would be great prejudice to Defendant if it were required to pay a six-figure default judgment and could not litigate the merits.

---

[2] Plaintiff does not even argue prejudice. A wise decision, since "the inquiry…is whether prejudice results from the *delay*, not from having to continue to litigate the case...there is no prejudice in requiring a plaintiff to prove his or her case." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018). Sufficient prejudice would include things like "loss of evidence…increased difficulty in discovery, or…greater opportunities for fraud and collusion" due to the delay. Id. at 739

This case is also young. Plaintiff initiated this action in May, Defendant was served in July, and the extended answer deadline was a month ago. Defendant acted quickly to set aside the default, filing the motion to set aside and motion to accept its motion to dismiss three days after the default was entered and seven days after the answer deadline. A "quick response further supports a finding of good cause." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (finding the Defendant's "inadvertent mistake, prompt action to correct its default [within three days], and the lack of prejudice…sufficient to show good cause").

Defendant also presents several potentially meritorious defenses. ECF Nos. 28 at 9-12; 27-1. "[W]hether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014). At this stage, the Court is not reviewing the motion to dismiss on the merits, but to determine if the arguments are colorable. Defendant's motion to dismiss asserts Eleventh Amendment immunity and multiple grounds for failure to state a claim. ECF No. 27-1. The proposed motion to dismiss is "more than general denials offered only at the highest order of abstraction." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296 (11th Cir. 2003). If successful, the defenses would bar Plaintiff's claims. The meritorious defense factor further supports vacatur of the default.

After consideration of the relevant factors, Defendant's default was not willful, the brief delay results in no prejudice to Plaintiff, Defendant has a potentially meritorious defense, and Defendant promptly corrected the default. Accordingly, good cause is shown. Defendant's motion to set aside the Rule 55(a) default, ECF No. 28, should be granted and Defendant permitted to proceed.

## IV. Recommendation

It is respectfully **RECOMMENDED** that Defendant's motion to set aside default, ECF No. 28, be **GRANTED**, Defendant's motion to accept its motion to dismiss, ECF No. 27, be **GRANTED**, and the Clerk of Court be directed to **VACATE** the entry of default, ECF No. 25. As a result, Plaintiff's motion for entry of final default judgment, ECF No. 29, should be **DENIED as moot**. It is further **RECOMMENDED** that Defendant be directed to file its motion to dismiss, ECF No. 27-1, separately on the docket as a stand-alone motion so that Plaintiff may respond and the case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 23, 2025.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).