**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOEL SOILEAU,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　**Case No. 4:25-cv-217-RH-MAF**

**BOARD OF PILOT
COMMISSIONERS,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C § 1983 alleging a Fourteenth Amendment equal protection claim. ECF No. 1. Plaintiff paid the filing fee. ECF No. 2. The operative complaint is the amended complaint, ECF No. 6. Before the Court is Defendant's motion to dismiss, ECF No. 43, based on Eleventh Amendment immunity and failure to state an equal protection claim. Plaintiff filed a response in opposition, ECF No. 39. The motion is ripe for review.

## I.    Allegations of the Amended Complaint, ECF No. 6

The Court accepts the non-conclusory, factual allegations in the amended complaint as true. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993). On August 27, 2020, Plaintiff was appointed by the State of Florida Department of

Business and Professional Regulation ("DBPR") as a deputy harbor pilot.[1] ECF No. 6 at 4. Habor pilots are licensed and regulated by DBPR through Defendant, DBPR's Board of Pilot Commissioners ("the Board").[2] To maintain his appointment, Plaintiff was required "to provide documentary evidence that he was actively training in the port [to] which he was appointed." Id. at 5. But in March 2022, for unexplained reasons, "14 licensed state pilots for the Port of Tampa Bay refused to train and compensate" Plaintiff. Id. at 4. Plaintiff alleges that the failure to train him was a violation of Florida Statutes requiring "disciplinary action" by DBPR against the pilots. Id. at 4-5.

To remedy the violation, Plaintiff filed complaints against the pilots with DBPR. Id. at 5. While the complaints were pending, "Plaintiff received a Notice of Intent to Deny" his renewal application as a deputy harbor pilot

---

[1] Florida (similar to many other coastal states) requires "[a]ll foreign-flag vessels and certain United States-flag vessels, [like] ships, container ships, tankers, etc…to have a Florida licensed pilot onboard while maneuvering in Florida waters," including harbors and ports. Harbor Pilots – Board Information, *Florida Department of Business and Professional Regulation*, https://www2.myfloridalicense.com/board-information/; see also Fla. Stat. § 310.141 (vessels subject to pilotage). "A 'deputy pilot' means any person authorized by the State of Florida to pilot vessels within the limits and specifications established by the licensed state pilots at the port where the deputy is appointed to serve." Harbor Pilots, *Florida Department of Business and Professional Regulation*, https://www2.myfloridalicense.com/harbor-pilots/.

[2] See Fla. Stat. § 310.011(1) ("A board is established within the Division of Professions of the Department of Business and Professional Regulation to be known as the Board of Pilot Commissioners…The board shall perform such duties and possess and exercise such powers relative to the protection of the waters, harbors, and ports of this state as are prescribed and conferred on it in this chapter.").

because he could not show his required training. Id. The Board convened a probable cause panel, which "failed to find probable cause" of a violation by the pilots and "determined the complaints did not warrant formal administrative action." Id. DBPR "was not able to prosecute" the pilots who wouldn't train Plaintiff because the Board made a finding of no probable cause. Id. at 9. Plaintiff alleges this finding violated the Fourteenth Amendment. He argues a violation of equal protection occurred because the Board's panel "singled the Plaintiff out as a class of one as the only deputy pilot in which the Florida Statutes…were not enforced." Id. at 9. "The equal protection of the law," in Plaintiff's view, "would have been the prosecution by DBPR against the state pilots that have refused to follow the Florida Statutes." Id. at 10.

Plaintiff sues the Board in its official capacity. Id. at 3. He seeks only monetary damages, including more than $300,00.00 in lost compensation with interest and "judgment for the value of Plaintiff's professional license," which he deems is around $33 million. Id. at 6.

## II.    Standard of Review – Motion to Dismiss

Defendant does not invoke a specific subsection of Rule 12(b) in its motion to dismiss. See ECF No. 43 at 1. The Eleventh Circuit has reviewed Eleventh Amendment immunity under Rule 12(b)(1), lack of subject matter

jurisdiction, as well as Rule 12(b)(6), failure to state a claim. E.g., Myrick v. Fulton Cnty., Georgia, 69 F.4th 1277, 1294 (11th Cir. 2023), *quoting* Seaborn v. Fla. Dep't of Corrs., 143 F.3d 1405, 1407 (11th Cir. 1998) ("An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction."); Thomas v. U.S. Postal Serv., 364 F. App'x 600, 601 (11th Cir. 2010) (unpublished) (noting that "a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists"); Monroe v. Fort Valley State Univ., 93 F.4th 1269 (11th Cir. 2024) (affirming district court's grant of motion to dismiss for failure to state a claim based on Eleventh Amendment immunity).

"Regardless of whether Eleventh Amendment immunity is considered a jurisdictional defense or some other sort of defense (e.g., failure to state a claim upon which relief can be granted), the Court's analysis is substantially the same." Singleton v. The Pub. Health Tr. of Miami-Dade Cnty., 203 F. Supp. 3d 1181, 1184 (S.D. Fla. 2016). This is because in a Rule 12(b)(1) "facial attack," as could be construed here, "a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006) (in reviewing for 12(b)(6) sufficiency, "all well-

pleaded" and non-conclusory "facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

## III.    Eleventh Amendment Immunity

Plaintiff's original complaint had several defects requiring amendment. See ECF No. 5. The Court also cautioned Plaintiff on the likelihood that this action was barred by Eleventh Amendment immunity:

> [A]n official capacity claim is just "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In this case, that means an official capacity claim against the Board or any member of the Board is a claim against DBPR itself. Absent limited exceptions which are not present here, the State of Florida and its agencies are immune from suit in federal court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). It is true that a state official may be sued in their official capacity when the suit alleges a constitutional violation by the official, acting in their official capacity, and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011). But here, Plaintiff only seeks monetary damages for the Board's past conduct—he is not seeking injunctive relief such as being reappointed.

ECF No. 5 at 2-3. Instead of amending his complaint to include either an individual capacity claim against any state actor he believed violated his rights, or an official capacity claim against the Board seeking prospective injunctive relief, Plaintiff maintained his official capacity claim for only monetary damages against the Board. See ECF No. 6.

Plaintiff's amended complaint argues, without support, that "the Board

4:25-cv-217-RH-MAF

is not a state agency or subdivision." Id. at 9. Defendant's motion to dismiss disagrees. See ECF No. 43 at 4-5. Defendant essentially restates the Court's prior instructions on Eleventh Amendment immunity, concluding that because "the Board…is a division under the Florida [DBPR]…Defendant is immune from suit in its official capacity…for damages." Id. at 5.

In response, Plaintiff argues Defendant is "an examining and licensing board created by" Florida statutes, not "a state government department" or agency. ECF No. 39 at 10-11. And while Plaintiff concedes that Florida defines "agency" as "an official, officer, commission, authority, council, committee, department, division, bureau, **board**, section, or another unit or entity of government," he argues that this definition is only a "contextual term used to define all facets of government" and thus "provides no value in determining Eleventh Amendment immunity." Id. at 10 (emphasis added), *citing* Fla. Stat. § 20.03(1) (defining "agency"). But "[t]he way that state law defines [the board or entity in question] is important in determining its arm-of-State status…'because states have extremely wide latitude in determining their forms of government and how state functions are performed.'" Monroe v. Fort Valley State Univ., 93 F.4th 1269, 1279 (11th Cir. 2024), *quoting* Manders v. Lee, 338 F.3d 1304, 1309 n.10 (11th Cir. 2003) (en banc).

Plaintiff also cites several cases that, in his view, support his argument.

4:25-cv-217-RH-MAF

First, he cites <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139 (1993), claiming "Eleventh Amendment immunity was denied by the District Court and…the Court of Appeals barred the immediate appeal." ECF No. 39 at 11. Neither the Court of Appeals nor the Supreme Court considered the merits of the immunity claim—the only issue considered was the jurisdictional grounds for appeal. <u>See</u> <u>Puerto Rico Aqueduct</u>, 506 U.S. at 141 n.1 & 147 (reversing the First Circuit and holding "that States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity," while also noting "we express no view on the merits of the immunity claim."). The case does nothing to advance Plaintiff's argument.

Plaintiff also lists seven Supreme Court cases with "boards" as parties in § 1983 suits "to show historical precedence." ECF No. 39 at 13, 17. None are applicable here, for various reasons. The only case on Plaintiff's list that actually discusses Eleventh Amendment immunity is <u>Lapides v. Bd. of Regents of Univ. Sys. of Georgia</u>, 535 U.S. 613 (2002). There, the Supreme Court noted that while the state university board was an arm of the State of Georgia and would typically have Eleventh Amendment immunity in federal court for a § 1983 suit seeking money damages, it waived that immunity

4:25-cv-217-RH-MAF

when it "voluntarily agreed to remove the case to federal court," thus "voluntarily invok[ing] the federal court's jurisdiction." Lapides, 535 U.S. at 620. There has not been a waiver in the instant case. Of Plaintiff's remaining six cases, five involve prospective injunctive relief, not monetary damages. E.g., Brown v. Bd. of Ed. of Topeka, Shawnee Cnty., Kan., 347 U.S. 483 (1954);[3] Kotch v. Bd. of River Port Pilot Comm'rs, 330 U.S. 552 (1947). And the last involves a federal board, not a state entity. See U.S. R.R. Ret. Bd. v. Fritz, 449 U.S. 166 (1980).

Plaintiff's arguments are not well taken. DBPR is an agency of the State of Florida. The Board of Pilot Commissioners is a "board" within DBPR, which the State includes in its definition of agency. See Fla. Stat. §§ 20.03(1) (defining "agency," *supra* at 6), 20.165 (creating DBPR and establishing its divisions and boards, including the Board of Pilot Commissioners, "created under chapter 310"), 310.011-310.185 (including the Board's purpose, organization, disciplinary authority, rulemaking, etc). Even if DBPR and the Board weren't defined as state agencies, Florida's Eleventh Amendment immunity extends to arms and instrumentalities of the state as well as state officials in their official capacity. See Regents of the Univ. of Cal. v. Doe, 519

---

[3] Further, local school boards are usually not considered arms of the state, since they are more like counties. E.g., Walker v. Jefferson Cnty. Bd. of Ed., 771 F.3d 748, 752 (11th Cir. 2014); Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977).

U.S. 425, 429–30 (1997). An official capacity claim against DBPR or one of its boards for money damages is a claim against the State of Florida where Eleventh Amendment immunity attaches:

> A state is liable for money judgments against officers who are sued in their official capacity. It follows, then, that such actions are in effect actions against the state, and thus are barred by the Eleventh Amendment.
> ***
> [DBPR] and the Board [of Dentistry] are state agencies; they are not entities independent and separate from the state. To the extent that the [DBPR] and the Board [of Dentistry] are defendants, then, this is an action against the State of Florida. Accordingly, [DBPR] and the Board [of Dentistry] are immune from suit under the Eleventh Amendment.

Schopler v. Bliss, 903 F.2d 1373, 1378 n.3 & 1379 (11th Cir. 1990) (internal citations omitted) (reversing district court and holding motion to dismiss § 1983 action should have been granted for official capacity defendants based on Eleventh Amendment immunity, noting Florida has not waived that immunity in federal court).

When it comes to Eleventh Amendment immunity, there is no difference between the Board of Dentistry and the Board of Pilot Commissioners. The Eleventh Circuit's holding in *Schopler* applies to this case. Other courts in this circuit have found the same for similar divisions and boards within DBPR. See, e.g., In re Diquez, 477 B.R. 257, 260 (Bankr. S.D. Fla. 2012) (Construction Industry Licensing Board); Freeman v. Fla. Dep't of Bus. & Pro. Regul., No. 6:14-CV-333-ORL-37, 2014 WL 6673559,

at *4 (M.D. Fla. Nov. 24, 2014) (Division of Alcoholic Beverages and Tobacco); Cahill v. Fla. Dep't of Bus. & Pro. Regul., No. 94-343-CIV-T-17C, 1994 WL 378678, at *1 (M.D. Fla. July 5, 1994) (dismissing § 1983 action by harbor pilot against DBPR for its suspension of pilot's license because DBPR entitled to Eleventh Amendment immunity).

The Board was created by the State of Florida, is defined by state law as an agency of the state, is funded and controlled by the state, and the responsibility of paying any monetary judgment in this action would fall to the state. See Manders, 338 F.3d at 1309 (discussing four factored arm-of-the-State test). Therefore, a suit against the Board in its official capacity is a suit against the State of Florida. Under the *Manders* factors and binding Eleventh Circuit precedent, the Eleventh Amendment bars Plaintiff's claim against the Board, which seeks only monetary damages. Because Defendant's motion to dismiss should be granted on the basis of immunity, it is not necessary for the Court to discuss the alternative argument of failure to state an equal protection claim. Finally, Plaintiff was already given an opportunity to pursue individual-capacity claims in an amended complaint but elected not to do so. Further amendment is not warranted.

## IV.   Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that

Defendant's motion to dismiss, ECF No. 43, be **GRANTED** and Plaintiff's amended complaint be **DISMISSED** based on Eleventh Amendment immunity.

**IN CHAMBERS** at Tallahassee, Florida on July 1, 2026.

> <u>s/ Martin A. Fitzpatrick</u>
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**