IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOEL SOILEAU,

        Plaintiff,

v.                                                      CASE NO. 4:25cv217-RH-MAF

BOARD OF PILOT
COMMISSIONERS,

        Defendant.

_____/


**ORDER DISMISSING THE AMENDED COMPLAINT
AND SETTING A DEADLINE FOR ANY
<u>MOTION FOR LEAVE TO AMEND FURTHER</u>**


The plaintiff seeks an award of damages, not prospective relief of any kind, against a single defendant, the Florida "Board of Pilot Commissioners." The Board has moved to dismiss the amended complaint based on Eleventh Amendment immunity and on other grounds. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 45, and the objections, ECF No. 46. I have reviewed de novo the issues raised by the objections.

The Board of Pilot Commissioners is a "board . . . within the Division of Professions of the Department of Business and Professional Regulation." Fla. Stat.

§ 310.011(1); *see also In re Hercules Carriers, Inc.*, 768 F.2d 1558, 1578 (11th Cir. 1985) (describing the Board of Pilot Commissioners as "a division of the DPR"—the predecessor of DBPR).

A state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). For this purpose, the Board of Pilot Commissioners is equivalent to the state itself. This standing alone requires dismissal of the amended complaint. And even if the Board was somehow deemed not the equivalent of the state for this purpose, the damages claim still could not go forward. The Eleventh Amendment applies to a claim for damages that would be payable from the state treasury, even if nominally against someone else. *See Edelman v. Jordan*, 415 U.S. 651 (1974).

This action thus would properly be dismissed based on the Eleventh Amendment even if, as seems unlikely, the proper defendant in a permissible action based on Board of Pilot Commissioners activity was the Board rather than the Department of Business and Professional Regulation.

The plaintiff's objections fail to come to grips with any of this. The plaintiff says the court must take as true the amended complaint's assertion that the Board is not a state agency, but that is not so; Florida Statutes § 310.011 says what it says. The plaintiff says he has been denied an opportunity to address the Board's

status or the Eleventh Amendment, but that is not so. The plaintiff had an opportunity to address these subjects in response to the motion to dismiss and again in his objections to the report and recommendation.

The plaintiff says he should be given leave to amend further to seek an injunction. Under *Ex parte Young*, 209 U.S. 123 (1908), a party whose *federal* rights have been violated may seek prospective relief against an appropriate state official. But the first amended complaint asserts only violations of state law, not federal law, and when asking for leave to amend, the plaintiff has not identified any *federal* right the Board or its members have allegedly violated. This order does not grant leave to amend but gives the plaintiff 21 days to file a motion for leave to amend accompanied by a proposed second amended complaint.

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The motion to dismiss, ECF No. 43, is granted in part. The first amended complaint is dismissed based on Eleventh Amendment immunity.

3. The plaintiff may file a motion for leave to file a second amended complaint, together with a proposed second amended complaint, by August 17,

2026. The clerk must refer any such motion directly to me, not to the magistrate judge.

SO ORDERED on July 27, 2026.

s/Robert L. Hinkle
United States District Judge